

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00004-CR

GUY T. DECKER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, on November 19, 2012, Appellant Guy T. Decker pled nolo contendere to criminal trespass, a Class B misdemeanor,[2] and the trial court convicted him of that offense and sentenced him to twenty days'

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 30.05(a), (d)(1) (West Supp. 2012).

confinement; Appellant received credit for the 126 days he had already served in jail since his arrest.[3]

Appellant filed no motion for new trial. Thus, his notice of appeal, filed January 3, 2013, was not timely.[4] We note that his notice of appeal also asks, "Due to time credits could I have a P.R[.] BOND?" But the envelope in which it was mailed is postmarked December 28, 2012, well after his conviction, sentence, and release.

Additionally, the trial court's certification states that this is a plea-bargained case and that Appellant has no right of appeal. Accordingly, we informed Appellant via his appointed counsel by letter on January 9, 2013, that this case was subject to dismissal unless he or any party showed grounds for continuing the appeal on or before Tuesday, January 22, 2013.[5] Appellant's appointed counsel responded with a motion to withdraw, stating that Appellant accepted a plea bargain after being admonished of his appellate rights, that the trial court followed the plea bargain, and that Appellant did not inform his counsel that he was filing a pro se notice of appeal.

We abated this case for the trial court to determine in appellant's presence whether he desires to prosecute his appeal, whether he remains indigent,

---

[3]*See id.* § 12.22(2) (West 2011) (providing that maximum confinement for a Class B misdemeanor conviction is 180 days).

[4]*See* Tex. R. App. P. 26.2(a)(1).

[5]*See* Tex. R. App. P. 25.2(a)(2), 25.2(d).

whether new counsel should be appointed, whether Appellant wants to proceed and is competent to proceed pro se, and to take any other measures deemed necessary to avoid forfeiture of Appellant's appeal. Appellant was not present at the hearing. Appellant's appointed counsel states in his motion to withdraw that he served the motion to withdraw on Appellant at his last known mailing and physical addresses (excluding the Denton County Jail from which Appellant was released) by regular and certified mail but also admitted at the abatement hearing that the certified mail had been returned to him by the post office. Appellant's appointed counsel also stated on the abatement record that the appeal is untimely.

Nothing in Appellant's counsel's motion to withdraw filed in response to our inquiry or the record of the abatement hearing can cure the fatal jurisdictional defect in this appeal: Appellant's late notice of appeal failed to vest this court with jurisdiction.[6]

As to Appellant's appointed counsel's motion to withdraw, the trial court's certification, signed by Appellant, provides,

> I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address

---

[6]*See* Tex. R. App. P. 26.2(a)(1); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

3

and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living. . . . I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

Based upon these unique facts, where the record is clear that Appellant has received adequate notice of his appellate rights and his risk of forfeiting those rights based on any decision not to apprise his appointed counsel or the trial court of his current address or any decision not to accept certified mail, we grant appointed counsel's motion to withdraw.

Because the notice of appeal was untimely, we dismiss this appeal for want of jurisdiction.[7]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 25, 2013

---

[7]*See* Tex. R. App. P. 25.2(d), 43.2(f).

4